IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 08-61177-CIV-MOORE/SIMONTON

**CLOSED CIVIL CASE**

HOWARD GOLDING and
BETH GOLDING,

      Plaintiffs,

vs.

FRANCES K. DRESCHER, STATE FARM
MUTUAL AUTOMOBILE INSURANCE
COMPANY, a foreign corporation, and
PETER J. RILLO INSURANCE AGENCY, INC.,

      Defendants.
_____/

## ORDER GRANTING MOTION TO REMAND

THIS CAUSE came before the Court upon Plaintiffs' Motion to Remand (dkt # 11).

UPON CONSIDERATION of the Motion, the Response, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

### I. BACKGROUND

This case involves a dispute between various parties arising from an automobile accident. On January 12, 2007, Plaintiffs Howard and Beth Golding (the "Goldings") were occupants of a vehicle that collided with another vehicle driven by Defendant Frances Drescher ("Drescher"). Plaintiffs subsequently brought claims against Defendants including: (1) negligence against Drescher; (2) uninsured/underinsured ("U/M") motorist benefits against State Farm Automobile Insurance Company ("State Farm"); (3) fraud and deceit against State Farm, Dan Hogan ("Hogan") and Peter J. Rillo Insurance Agency, Inc. ("Rillo"); (4) civil conspiracy against State Farm and Rillo; (5) abuse and exploitation of the elderly by State Farm; (6) bad faith against

State Farm and Rillo; and (7) negligence against Rillo. On July 25, 2008, Defendants filed a Notice of Removal (dkt # 1) based on diversity jurisdiction. The Goldings are Florida residents, Defendants Drescher and Hogan are Florida residents and Defendant Rillo is a Florida Corporation.

**II.     STANDARD OF REVIEW**

Removal jurisdiction only exists if the district court could have exercised original jurisdiction over the action. 28 U.S.C. § 1441(a). The removal statute should be construed narrowly with doubt against removal because although a removing party has the right to remove, a plaintiff is "still master of his own claim." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994); *see* Shamrock Oil & Gas. Corp. v. Sheets, 313 U.S. 100, 107-09 (1941). This strict construction of removal statutes also prevents "exposing the plaintiff to the possibility that they may win a final judgment in federal court, only to have it determined that the court lacked jurisdiction." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997). The burden of establishing jurisdiction is on the removing party. Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996). That party must prove, by a preponderance of the evidence, the facts supporting federal jurisdiction. *See* McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002) (per curiam).

Subject matter jurisdiction based on diversity of citizenship exists in civil actions where the amount in controversy exceeds $75,000 and the action is between "citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a)(3). Diversity jurisdiction requires complete diversity between named plaintiffs and defendants. *See* Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 580 n.2 (1999) (citing

[handwritten margin note: Reword to insert language that plaintiff originally filed in state court in Broward County, Florida, *** and that Δ, State Farm subsequently removed to this court.]

Strawbridge v. Curtiss, 7 U.S. 267 (1806)). In cases with multiple defendants, all defendants who have been properly served must unanimously join or assent in the removal petition. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). However, consent of fraudulently joined or nominal parties is not required. Id.

### III. ANALYSIS

#### A. Fraudulent Joinder

Plaintiffs claim that remand is proper because there is not complete diversity between Plaintiffs and Defendants and because Drescher did not join in or assent to removal. Defendants do not dispute that diversity is lacking, but contend that Drescher, Hogan and Rillo were fraudulently joined and that a finding of fraudulent joinder would establish complete diversity. "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." Triggs, 154 F.3d at 1287. Fraudulent joinder exists when "(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court," Crowe, 113 F.3d at 1538, or (3) "where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." Triggs, 154 F.3d at 1287. A party seeking to defeat remand based on fraudulent joinder bears a heavy burden. Hauck v. Borg Warner Corp., 04CV1835 ORL 28DAB (JA), 2006 WL 2927559, *5 (M.D. Fla. 2006).

##### 1. Fraud and Deceit Claims Against Hogan and Rillo

The Goldings' fraud and deceit claim is based on the allegation that Hogan and Rillo

3

failed to notify Plaintiffs of State Farm's policies in effect at the time of the automobile accident that permitted coverage in excess of the policy limits. The elements of a fraud claim under Florida law include: "(1) a false statement concerning a specific material fact; (2) the maker's knowledge that the representation is false; (3) an intention that the representation induces another's reliance; and (4) consequent injury by the other party acting in reliance on the representation." Wadlington v. Cont'l Med. Servs., Inc., 907 So.2d 631, 632 (Fla. 4th DCA 2005). A cause of action for fraud based on failure to disclose information may only be maintained when there is a duty to disclose information that the other party has the right to know. State v. Mark Marks, P.A., 698 So.2d 533, 539 (Fla. 1997).

Plaintiffs allege that State Farm committed fraud because it breached its duty to disclose to them, upon their request, any information that could affect coverage under the relevant policy. Under Florida law, an insurer is obligated to respond to coverage inquiries by claimants within 30 days by providing a statement, under oath, of the name of the insurer, the name of each insured, the limits of liability coverage, a statement of any coverage defense that may apply, and a copy of the policy. § 627.4137(1), Fla. Stat. Defendants contend that this statute does not require disclosure of claims handling procedures or other company policies concerning coverage not found in the insurance policy. However, the statute does not specifically require a statement of the coverage limit as stated in the policy. The statute requires an insurer to provide "the limits of liability coverage." Id. This language may be read more broadly to require an insurer to provide all information that may affect the coverage limit, whether incorporated within the terms of the policy or created by a company policy, program or claims handling procedure. *State Farm provides no authority for its narrower interpretation.*

This Court is unaware of any binding precedent holding that the disclosure of liability

coverage limits required by § 627.4137(1), Florida Statutes, is strictly limited to the coverage limit found in the policy. In the absence of any such precedent, the issue is an undecided matter of statutory interpretation, and as such, is best left to state courts to decide. *See* B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981). More importantly, as an undecided question of state law, and given the plausible interpretation of the statute advocated by Plaintiffs, it is possible that Plaintiffs could succeed on the merits of this claim. Therefore, joinder of Hogan and Rillo on the fraud and deceit claims does not constitute fraudulent joinder. *See* Crowe, 113 F.3d at 1538. There is no need to resolve the propriety of joinder of all additional claims against Defendants for remand purposes because this Court's finding that joinder of Hogan and Rillo on the fraud and deceit claims was not fraudulent destroys complete diversity and precludes the exercise of diversity jurisdiction. Accordingly, this Court must remand this action to the state court from which it was removed.

## IV.   CONCLUSION

For the reasons stated above, it is

ORDERED AND ADJUDGED that Plaintiffs' Motion to Remand (dkt # 11) is GRANTED. The above-styled cause is hereby REMANDED to the Circuit Court of the 15th Judicial Circuit in and for Palm County, Florida. The Clerk of the Court is instructed to CLOSE this case. All pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of October, 2008.

_____
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record